Day, J.
 

 It is claimed by the plaintiff in error that the act of the legislature increasing the minimum salaries of the officials involved violates Article II, Section 26, of the Ohio Constitution, providing that “all laws, of a general nature, shall have a uniform operation throughout the State” and Article XV, Section 10, of the Ohio Constitution, providing that “appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations.”
 

 The act creating the municipal court of Cincinnati, like all other acts creating the municipal courts of the state, was a special act, the original being passed April 17, 1913, effective January 1, 1914 (103 Ohio Laws, 279). There is nothing in the original act placing deputy clerks and deputy bailiffs in the classified civil service. Section 1558-35, General Code (Cincinnati Municipal Court Act), was amended on February 6, 1914 (104 Ohio Laws, 189), so as to provide
 
 *248
 
 that the deputy clerks, with the exception of the chief deputy and the deputy bailiffs, with the exception of the deputy bailiffs to be appointed by the judges, shall be appointed from eligible lists to be furnished by the municipal civil service commission of the city of Cincinnati.
 

 The section in question (1558-35, General Code) was further amended by House Bill No. 196 on March 28, 1929 (113 Ohio Laws, 48), and as amended reads as follows:
 

 “The assistant clerk, the two chief deputy clerks and all deputy clerks shall serve during the pleasure of the clerk and shall be subject to removal by the clerk at any time.
 

 ‘ ‘ The bailiff shall hold his office during the pleasure of the clerk and may be removed by the clerk at any time. The deputy bailiffs appointed by the clerk shall hold their respective positions during the pleasure of the clerk, and the clerk may remove said deputy bailiffs at any time. The deputy bailiffs appointed by the judges, including the deputy bailiff appointed by the presiding judge, shall hold their respective positions during the pleasure of the judge making the appointment and may be removed by such judge at any time.
 

 “The assistant clerk, the chief deputy clerks, all of the deputy clerks, the bailiff, all of the deputy bailiffs, and the stenographers, official stenographers, interpreters, statistical clerks, probation officers and any and all other employees of said court, shall be in the unclassified service as that term is used in the statutes and laws relating to civil service and no civil service commission shall have any jurisdiction or supervision over their appointment, qualifications, activities, tenure or removal.
 

 “Every police officer of the city of Cincinnati shall be ex-officio a deputy bailiff of the municipal court and
 
 *249
 
 shall perform from time to time such duties in respect to cases within the jurisdiction of said court as may be required of them by said court or any judge thereof.”
 

 There was further provision in House Bill No. 196 by which the original section (1558-35) was repealed in so far as the same provided for appointments of deputies from eligible lists furnished by the civil service commission of Cincinnati, and House Bill 196 made the Cincinnati Municipal Court Act conform to the General Civil Service Act by expressly providing that its deputy clerks and deputy bailiffs should not be in the classified civil service — thus recognizing that deputy clerks of the constitutional courts, to wit, the Supreme Court, the Courts of Appeals and the probate courts, and the deputy sheriffs of the various counties, have always been in the unclassified service. Paragraph 9 of Section 486-8, General Code, under heading “Positions in unclassified service.” This is further recognized by the Municipal Court Acts for the cities of Columbus, Dayton, Newark, Springfield, Toledo, Akron, Piqua and other cities.
 

 The injunction prayed for affects only the increase. The right to pay salaries in effect previous to the legislative act of 1929 is not questioned.
 

 Courts inferior to the Court of Appeals, other than those expressly created by the Constitution of Ohio, may be created by special act of the legislature, and such laws, we are of opinion, need not have uniform operation throughout the state.
 

 “The power to create a court carries with it the power to define its jurisdiction and to provide for its maintenance.”
 
 State, ex rel. Ramey,
 
 v.
 
 Davis,
 
 119 Ohio St., 596, 165 N. E., 298. In this case the authorities touching the exclusive power of the legislature to create courts, define their jurisdiction and provide for their maintenance, are collected and discussed, and we follow and approve the same. See.
 
 *250
 
 also,
 
 State, ex rel. Attorney General,
 
 v.
 
 Bloch,
 
 65 Ohio St., 370, 62 N. E., 441;
 
 State, ex rel. Fox,
 
 v.
 
 Yeatman,
 
 89 Ohio St., 44, 105 N. E., 74; and
 
 In re Hesse,
 
 93 Ohio St., 230, 112 N. E., 511.
 

 We reach the conclusion that House Bill No. 196 is not unconstitutional as being in violation of Section 26, Article II, of the Constitution.
 

 The next inquiry is, Is there a violation of Section 10 of Article XV of the Constitution, which reads as follows: “Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.”
 

 The last sentence of the section above quoted, providing that “laws shall be passed providing for the enforcement of this provision,” indicates that the act is not self-executing, and unless laws were passed by the General Assembly this provision of the Constitution would not be effective.
 

 The legislature having seen fit to provide by House Bill No. 196 that these officials in question shall be in the unclassified service, such action on the part of the legislature is within its constitutional power and is a valid enactment. Inasmuch as deputy clerks and deputy bailiffs sustain a close fiduciary and confidential relation to their principal, it is highly impracticable to determine merit and fitness by competitive examination, and the principal for whom they work must necessarily be intrusted with the responsibility of selection. The legislature recognized the necessity for this discretion. Being empowered by the Constitution to pass laws touching appointments and promotions in the civil service of the state, the act of the legislature in so doing is not unconstitutional. If the legislature has passed an unwise provision by enacting House Bill No. 196,
 
 supra,
 
 the re
 
 *251
 
 sponsibility rests on the legislature and not upon the courts.
 

 Entertaining the view that the act in question does not contravene either Article II, Section 26, or Article XV, Section 10, of the Ohio Constitution, we are of opinion that the judgment of the Court of Appeals in affirming the court of common pleas was right, and the same, therefore, should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias, Allen, Kinkade and Stephenson, JJ., concur.