THE STATE, EX REL. HASKINS, *v.* TYROLER, JUDGE.

(Decided November 10, 1939.)

*Messrs. Dunifon & Topper,* for relator.
*Mr. Louis Tyroler, in propria persona.*

BLOSSER, P. J. This suit in mandamus was instituted in this court by the relator to compel the respondent as Juvenile Court judge of Athens county to restore her to the position of county visitor of Athens county in aid to dependent children work at a salary of $115 per month. The case was submitted on the pleadings, agreed statement of facts and the deposition of the relator.

The position of county visitor of Athens county had been placed in the classified civil service by the Civil Service Commission of Ohio. The relator, after passing a competitive examination by the Civil Service Commission of Ohio, was placed on the eligible list as qualified for the position of county visitor in Athens. county. She was appointed from the certified eligible list by the respondent to the position of county visitor and assigned to aid to dependent children work at a salary of $115 per month. She continued as county visitor in aid to dependent children work until she was discharged by the respondent and received a letter from him stating that she was removed from the posi-

tion because of her unsatisfactory work. The respondent so notified the Civil Service Commission of Ohio that the relator had been removed as county visitor because of her unsatisfactory work. The respondent did not comply with Section 486-17a, General Code, in giving the reasons for her dismissal nor did the respondent give the relator a reasonable time to file an explanation. Later the respondent assigned the duties, formerly performed by the relator, to another employee of the Juvenile Court not in the classified service. Since that time the respondent and his successor in office have refused to permit the relator to perform any of the duties of county visitor although the relator has offered to perform the same.

The respondent asserts that the position occupied by the relator was not under the classified civil service by reason of Section 1639-18, General Code, making the tenure of appointees of the Juvenile Court judge at the pleasure of the judge, and that by reason of this section the discharge of the relator was legal.

Section 1639-18, General Code, is as follows:

"The judge may appoint a chief probation officer, and as many probation officers, stenographers, bailiffs and other employees as may be necessary. Such appointees shall receive such compensation and expenses as the judge shall determine, and shall serve during the pleasure of the judge."

The relator asserts that this section, if applicable to the facts in this case, is unconstitutional in that it violates Section 10, Article XV of the Constitution of Ohio adopted in 1912. Section 10 provides:

"Appointments and promotions in the civil service of the state, the several counties, and cities, shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision."

The civil service provisions of the Constitution are

not self-executing. The Legislature in carrying out the provision of the Constitution created the Civil Service Commission, provided for competitive examinations, created classified and unclassified service and eligible lists and also made certain exemptions. The Legislature in this matter is vested with a certain discretion in determining in what positions fitness and merit can be determined by competitive examinations and in what positions they can not be so determined.

The Legislature in its discretion enacted Section 486-8, General Code, and granted exemptions from the classified service and placed certain positions in the unclassified service. This section was upheld by the Supreme Court in *State, ex rel. Myers,* v. *Blake,* 121 Ohio St., 511, 169 N. E., 599, and its constitutionality was also recognized in *State, ex rel. Bryson,* v. *Smith,* 101 Ohio St., 203, 128 N. E., 261.

The Legislature also passed an act exempting positions under the Municipal Court of Cincinnati and providing that deputy clerks should serve during the pleasure of the clerk and should be subject to removal by the clerk at any time. The Supreme Court in the case of *Ellis* v. *Urner,* 125 Ohio St., 246, 181 N. E., 22, held that this legislation was constitutional.

Under the reasoning of the Supreme Court, therefore, the Legislature did not abuse its discretion or violate Section 10, Article XV of the Constitution in enacting Section 1639-18, General Code.

Under this section of the code the relator was serving at the pleasure of the appointing authority.

The writ will be refused and judgment entered for the respondent.

*Writt denied.*

GILLEN and McCURDY, JJ., concur.