THE STATE, EX REL. HUPPERT, ET AL., *v.* SPARMA ET AL.

[Cite as State, ex rel. Huppert, v. Sparma, 9 Ohio App. 2d 30.]

(No. 3296—Decided December 9, 1966.)

*Mr. Richard G. Reichel,* for relators.

*Mr. Virgil L. Musser,* for respondents.

*Per Curiam.* This is an action in mandamus originating in this court. Relators are the deputy clerks of the Massillon Municipal Court. Respondents are the members of the city council.

Relators seek a supplemental appropriation measure from city council in order that they may receive such compensation from the city treasury as the clerk has prescribed.

By the pleadings and the evidence, this case is narrowed to one issue.

The evidence of record shows no material facts disputed. They might well have been stipulated.

It is undisputed that council by ordinance passed its 1966 annual appropriation measure under Section 5705.38, Revised Code. It is noted that the measure provided for the relator deputy clerks to be paid more than the original budget request of the clerk.

It is undisputed that shortly thereafter, on January 5, 1966, under Section 1901.31(H), Revised Code, the clerk prescribed the compensation that the deputy clerks shall receive.

It is undisputed that the city council passed a supplemental appropriation measure again under Section 5705.38, Revised Code. It is noted that under that measure the relators were to receive a raise in pay but not such a raise as would meet the amounts prescribed by the clerk.

It is undisputed that the clerk was warned that the appro-

priation for his deputies would run out in October of 1966.

The evidence discloses that there are funds from which appropriations can be made.

It is undisputed that there is pending in the Court of Common Pleas of Stark County, ever since September 13, 1966, an action between, substantially, the same parties for declaratory judgment.

The amended petition therein seeks to have clarified and determined:

(1) Whether city council has the right to determine the appropriation for salaries in the clerk's office;

(2) What salaries are reasonable in the premises; and

(3) How many clerks are necessary or reasonable under the circumstances.

Demurrer to the amended petition is pending.

It is our opinion, based upon an examination of the complete file in the declaratory judgment action, respondents' Exhibit No. 6, that such action does not constitute an adequate remedy at law.

No question as to the reasonableness of the acts of either the relators or respondents has been raised in this mandamus action.

This is a matter of first impression in Ohio. The following statutes must be read and considered *in pari materia*.

Section 2731.01, Revised Code, is as follows:

"Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

Section 2731.05, Revised Code, reads as follows:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

Section 1901.31(H), Revised Code, provides, in pertinent part, as follows:

"(H) Deputy Clerks may be appointed by the clerk and shall receive such compensation payable in semimonthly installments out of the city treasury as the clerk may prescribe. * * *"

Section 731.05, Revised Code, having to do with powers of legislative authority, reads as follows:

"The powers of the legislative authority of a city shall be legislative only, it shall perform no administrative duties * * *."

Section 5705.38, Revised Code, having to do with annual appropriation measures and classification, reads as follows:

"On or about the first day of each year, the taxing authority of each subdivision or other taxing unit shall pass an appropriation measure, and thereafter during the year it may pass such supplemental appropriation measures as it finds necessary, * * *."

The controlling question here is one of law only. Is the measure or act sought by mandamus one which the law specially enjoins as a duty of the city council, or, to put it bluntly, who has the discretion to prescribe the compensation which deputy clerks of a Municipal Court shall receive—the clerk or the city council?

Under the Ohio Constitution, Section 1, Article IV, the state Legislature has the power to create Municipal Courts and to provide for their maintenance and employees. It is manifest that the state Legislature has exercised the paramount and controlling discretion here involved in the enactment of Section 1901.31(H), Revised Code.

It has been held in an injunction matter that it is fully within the power of the Legislature to provide who shall pay, and in what sums, the deputy clerks in the clerk's office. See *Ellis, City Solicitor, v. Urner, Aud.,* 41 Ohio App. 183, affirmed by the Ohio Supreme Court (1932), 125 Ohio St. 246 (opinion by Day, J.).

The Legislature having seen fit to provide by Section 1901.31(H), Revised Code, that these deputy clerks in question shall be appointed by the clerk and shall receive such compensation as the clerk may prescribe, such action on the part of the Legislature is within its constitutional power.

To paraphrase some of the words of Judge Day's opinion, at page 250:

Inasmuch as deputy clerks sustain a close fiduciary and confidential relationship to their principal, it is highly impractical to determine their merit, fitness and amount of compensation by classification, as other employees of other departments of the city government are determined and controlled by the discretion of the legislative authority of the city. The principal

for whom they work must necessarily be entrusted with the responsibility of their selection, appointment and the fixing of their compensation. The state Legislature recognized the necessity of vesting this discretion with the clerk of the court.

It is apparent that the city council has looked upon and treated the clerk's office as just another department of the city government, whereas it has been exempted by the state Legislature from such classification and has been put in a special exempted class or department of the Municipal Court.

The city council is to be commended for buying the Jacobs' survey and report, which is in evidence, and for its attempts to be reasonable in all departmental appropriations, but discretion as to amount-of-appropriation measures for deputy clerks of Municipal Court has been taken from city council by the state Legislature and by law vested in the clerk.

It is our finding that the facts stated in the petition and shown by the evidence demonstrate that the relators have a clear right to the relief prayed for, and a writ of mandamus will issue accordingly.

*Writ allowed.*

RUTHERFORD, P. J., McLAUGHLIN and VAN NOSTRAN, JJ., concur.